**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NATASHA N. GALLMAN,
          Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0752-15-0519-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Peter E. Shvetz, Columbia, South Carolina, for the appellant.

Edith W. Lewis, Columbia, South Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her alleged involuntary resignation. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2 After a series of absences, ostensibly for medical reasons, the appellant resigned from her position on April 25, 2014.  Initial Appeal File (IAF), Tab 7 at 16.  On appeal, she contended that she was forced to resign because of an intolerable working environment created by the agency's harassment and discrimination.  IAF, Tab 1 at 11-12.  After affording the appellant notice that her appeal might not be within the Board's jurisdiction, the administrative judge ordered the appellant to submit evidence and argument establishing a nonfrivolous allegation of jurisdiction.  IAF, Tab 3.  If the appellant presented a nonfrivolous allegation of jurisdiction, she would be entitled to a hearing at which she would have the opportunity to prove jurisdiction by preponderant evidence.  *Id.*  After considering the appellant's response, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her resignation was involuntary and he dismissed the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision (ID) at 1, 9.

¶3 An employee-initiated action, such as a resignation, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress, coercion, or misinformation, or if the

appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *Vaughan v. Department of Agriculture*, [116 M.S.P.R. 493](#), ¶ 11 (2011); *see Miller v. Department of Homeland Security*, [111 M.S.P.R. 325](#), ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The reasonable person test is an objective test and does not depend on the appellant's subjective characterization of the agency's actions. *See Markon v. Department of State*, [71 M.S.P.R. 574](#), 577-78 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Id.* at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id.*

¶4      In her appeal and in her response to the administrative judge's jurisdictional order, the appellant contended that she was a disabled veteran with Post Traumatic Stress Disorder, migraine headaches, and Major Depressive Disorder, and that the agency improperly placed her in an absence without leave status despite the fact that all of her absences were related to her medical conditions. She asserted that the agency harassed her, although she did not explain what the agency did to harass her. She also claimed that the agency did not offer her a reasonable accommodation, although she did not state whether she ever requested an accommodation or, if she did, what accommodations she sought. *See* IAF, Tab 5 at 2. She further asserted that the agency was "careless, indifferent and insensitive to [the] needs of its Veterans and their minority employees." *Id.*; *see* IAF, Tab 1 at 11.

¶5      On review, the appellant presents additional argument that she did not submit to the administrative judge. All of this argument is based on facts that

were known to the appellant while her appeal was pending before the administrative judge. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant here has not attempted to show due diligence and we have not relied on her submissions on review.

¶6    Nevertheless, even if we were to consider them, they do not affect the outcome of the case. A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *See, e.g.*, *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 10 (2007). The appellant has not presented allegations of fact subject to proof; instead, she has presented the Board with her conclusions and interpretations concerning the facts. Because the standard for involuntariness is an objective one, the Board must consider the facts that led to the appellant's subjective conclusions to determine whether a reasonable person in her position would have found working conditions so intolerable that she had no choice but to resign. Because the appellant has not presented those facts, the Board is unable to determine if her allegations meet the reasonable person test and, therefore, she has not made a nonfrivolous allegation that her resignation was involuntary.

¶7    To the extent that the appellant contends that the agency harassed her by requesting medical documentation for her absences, the doctrine of coercive involuntariness does not apply when the appellant merely does not want to accept an action that the agency is authorized to undertake. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 15 (2004), *review dismissed*, 125 F. App'x 1006 (Fed. Cir. 2005). To the extent that the appellant contends that she was forced to resign because the agency was preparing to remove her or subject her to some other form of disciplinary or adverse action, there is no evidence that the agency had

proposed any action against her. The appellant's apprehension at the possibility of some future action does not render her resignation involuntary. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (finding that the appellant's retirement was not involuntary where, instead of retiring based on her speculation that the agency might remove her, she clearly had the option of contesting an action she thought was invalid if and when it did occur), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

¶8      For the above-noted reasons, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:         _____

William D. Spencer
Clerk of the Board

Washington, D.C.