**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

OMILANA THOMAS,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF
　TRANSPORTATION,
　　　　　　Agency.

DOCKET NUMBER
NY-0752-15-0111-I-1

DATE: November 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Omilana Thomas, Rockville Centre, New York, pro se.

Jennifer D. Ambrose, Esquire, and Parisa Naraghi-Arani, Esquire,
　Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant filed an appeal alleging that she involuntarily retired from her position of Human Resources Specialist, FV-0201-H, with the agency's Federal Aviation Administration, in Queens, New York, effective January 10, 2015. Initial Appeal File (IAF), Tab 1, Tab 8 at 11. The underlying facts of the appeal are undisputed. On April 22, 2014, the agency informed the appellant by memorandum that it intended to consolidate its benefits services functions at the existing Benefits Operations Center (BOC) in Kansas City, Missouri, effective January 11, 2015. IAF, Tab 8 at 12. The memorandum stated that the consolidation was intended to "streamline processes and improve quality control, and improve the management of workflow." *Id.* It also stated that the appellant would be administratively reassigned to the BOC in Kansas City. *Id.* It further stated that her pay plan, grade/level, and basic pay rate would remain the same,[2] and that she would be eligible for relocation expense reimbursement. *Id.* It

---

[2] The locality pay rate, however, would be the rate for Kansas City if she accepted the reassignment. IAF, Tab 8 at 12.

stated, moreover, that she would be subject to involuntary separation through adverse action procedures if she declined the administrative reassignment. *Id.* at 13.

¶3 On April 28, 2014, the agency issued the appellant a letter stating that she could request special consideration for certain vacancies in human resources and encouraging her to apply for other job opportunities and vacancy announcements within or outside of the agency during the period preceding January 11, 2015. *Id.* at 15-16. The letter further indicated that the selecting officials for such positions would consider her before considering other candidates but that there was no guarantee that she would be selected for any position. *Id.*

¶4 On June 20, 2014, the appellant accepted the administrative reassignment. *Id.* at 17. However, she retired effective January 10, 2015. *Id.* at 11. This appeal followed. IAF, Tab 1. The appellant initially requested a hearing, but later withdrew her request, and the appeal was decided on the written record. *Id.* at 2; IAF, Tab 12 at 3.

¶5 The administrative judge, in the initial decision, found that the agency sufficiently refuted the appellant's allegation that her reassignment was not based on legitimate and bona fide management reasons, and the administrative judge thus declined to review the considerations underlying the agency's exercise of discretion. IAF, Tab 28, Initial Decision (ID) at 6. The administrative judge found that the appellant did not show that the agency failed to afford her the information that she needed to make an informed decision about the reassignment or that she materially relied on misinformation to her detriment. ID at 7. The administrative judge further found that the appellant did not show that her working conditions were so intolerable as to compel a reasonable person to retire. ID at 9. The administrative judge concluded that the appellant failed to establish the Board's jurisdiction over her appeal and thus dismissed the appeal. ID at 9-10.

¶6      The appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency responded to the petition for review.  PFR File, Tab 3.

## ANALYSIS AND FINDINGS

¶7      An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary and, as such, is not appealable. *Atkins v. Department of Commerce*, 81 M.S.P.R. 246, ¶ 6 (1999).  The presumption of voluntariness may be rebutted if the employee can establish that the resignation or retirement was the product of duress or coercion brought on by government action, or of misleading or deceptive information, or if she is mentally incompetent. *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995).  Generally, the employee can establish involuntariness based on coercion by showing that:  (1) the agency effectively imposed the terms of her resignation or retirement; (2) she had no realistic alternative but to resign or retire; and (3) her resignation or retirement was the result of improper acts by the agency.  *Shoaf v. Department of Agriculture,* 260 F.3d 1336, 1341-42 (Fed. Cir. 2001).  The Board will consider whether the totality of the circumstances show that the employee's working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign or retire.  *Id.* at 1342; *Heining*, 68 M.S.P.R. 513, 519-20.  The employee bears the burden of proving that the Board has jurisdiction over her appeal.  *See* 5 C.F.R. § 1201.56(a).

¶8      The appellant argues that she acted under coercion because she only was given the option to relocate, resign, or retire.  PFR File, Tab 1 at 7.  She asserts that the agency's characterization of the circumstances surrounding her reassignment was inaccurate and that the administrative judge ignored the affidavits she submitted to counter evidence that the agency submitted.  *Id.* at 4, 6.  She attacks the legitimacy of the agency's plan to transfer her and the other regional benefits specialists to the BOC in Kansas City because the benefits specialists working at headquarters were not transferred at the same time.  *Id.*

at 7. These contentions largely echo her arguments before the administrative judge, *see, e.g.*, IAF, Tab 6 at 6-9, and none are availing.

¶9 Where an appellant's claim involves a directed reassignment, the Board considers the agency's stated reasons for the reassignment. Although the appellant retains the burden to prove that her separation was involuntary, the agency must refute her allegation that the reassignment was intended to coerce her resignation or retirement by showing that the reassignment was based on legitimate and bona fide management reasons. *Rayfield v. Department of Agriculture*, 26 M.S.P.R. 244, 246 (1985). The appellant then must be allowed to rebut the agency's averred reasons by proving that the reassignment had no solid or substantial basis in personnel practice or principle. *Cartwright v. Department of Housing & Urban Development*, 54 M.S.P.R. 338, 342 (1992); *Rayfield*, 26 M.S.P.R. at 246. Once it has been established that the agency properly ordered a reassignment due to bona fide management considerations in the interest of promoting the efficiency of the service, the Board will not review the management considerations underlying the exercise of agency discretion. *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294, 299 n.8 (1980).[3]

¶10 Here, the administrative judge considered the appellant's evidence, including the affidavits she submitted. ID at 4-7. Despite that evidence, the agency successfully refuted her allegations with evidence showing that the reassignment was based on legitimate and bona fide management reasons. The origins of the agency's action reassigning the appellant and others go back to 2006, when the agency created a Tiger Team to identify potential efficiencies in the agency's benefits services operations pursuant to the President's directive to promote government-wide centralization of benefits services delivery. IAF,

---

[3] Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, recently reaffirmed the 2-step burden-shifting framework for reassignment appeals set forth in *Ketterer*. *See Cobert v. Miller*, No. 2014-3101, 2015 WL 5128392, at *8-10 (Fed. Cir. Sept. 2, 2015).

Tab 27 at 17. The team recommended centralizing benefits services functions to achieve greater efficiency and more consistent service. *Id.* A team working during 2009 and 2010 determined that these functions should be performed in a single field location and selected Kansas City, Missouri, as that location. *Id.* Initially, regional benefits services specialists remained in their respective duty stations, but reported administratively to the BOC Director in Kansas City. *Id.* at 17-18. In 2012, the agency created a centralized BOC call center in Kansas City and set in motion a plan to complete physical centralization of benefits services functions there by September 30, 2013. *Id.* at 18. The agency's original centralization plans were disrupted by sequestration, furloughs, and early retirement offerings, but in 2014, the agency determined that partial centralization of these functions had been less effective than hoped and decided to reassign all of its benefits services specialists to Kansas City. *Id.* Benefits services specialists in Washington, D.C., were not moved at that time because their job duties differed from those of the regional specialists. *Id.* at 20; *see* PFR File, Tab 1 at 7. The appellant failed to refute the agency's foregoing account of its rationale for her reassignment.

¶11     The appellant likewise has not shown that the agency gave her misinformation that would rebut the presumption of voluntariness. PFR File, Tab 1 at 7-10. To prove a retirement action was involuntary based on misinformation, an appellant must show that the agency made misleading statements upon which she reasonably relied to her detriment. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). A decision made "with blinders on," based on misinformation or a lack of information, cannot be binding as a matter of fundamental fairness and due process. *Id.* An appellant need not show that the agency knowingly distributed deceptive information. *Id.* However, an agency must provide information that is correct in nature and adequate in scope to allow an employee to make an informed decision. *Id.*

¶12    Owing to the agency's piecemeal efforts to centralize its benefits services functions in Kansas City, the appellant reasonably may have believed that the agency would not require her to relocate.  After the agency decided to reassign regional benefits services employees to the Kansas City BOC, however, the appellant received timely and complete information about the reassignment.  On April 22, 2014, agency human resources officials traveled to Queens, New York, and met with the benefits services staff, including the appellant, in the agency's Eastern Region.  IAF, Tab 27 at 18, 22. During the meeting, the appellant received a memorandum advising her of the pending reassignment to Kansas City.  *Id.*; IAF, Tab 8 at 12-14.  The memorandum stated that she had to report for work in Kansas City on January 11, 2015, if she accepted the reassignment.  IAF, Tab 8 at 12.  She was given 45 days in which to decide whether she would accept the reassignment.  *Id.* at 13.  That deadline later was extended.  IAF, Tab 27 at 23.  In the 9-month period following the issuance of the memorandum, the appellant and others had numerous opportunities to learn about the reassignment and the Kansas City office, and those employees who accepted the reassignment had multiple opportunities to travel there to search for housing, visit the office, or meet with the local staff.  *Id*. at 19, 23, 30.  The appellant did not take advantage of these travel opportunities.  *Id.* at 23.

¶13    The appellant additionally alleges that the agency gave her misleading information in the April 28, 2014 letter she received regarding special consideration for job openings.  PFR File, Tab 1 at 7, 9; IAF, Tab 8 at 15-16.  She argues that she was not afforded special consideration or assistance in finding other employment within the Eastern Region or offered assistance comparable to the assistance given to other groups of employees required to relocate.  PFR File, Tab 1 at 7-9.  The agency, however, clearly stated the parameters of special consideration in the April 28 letter, including the fact that special consideration did not guarantee an appointment.  IAF, Tab 8 at 15.  The agency informed the reassigned employees that they would be considered first for any human resources

position that opened up in their duty stations at their grade levels or lower, and if interviews were held, they would be interviewed. *Id.*; IAF, Tab 27 at 22. The agency advised these employees that they should update their résumés and send them to specified human resources personnel so that the résumés could be forwarded for consideration for positions at the same or a lower pay band. IAF, Tab 8 at 15, Tab 27 at 22. The agency submitted an affidavit from one selecting official, who stated that the appellant received special consideration when she applied for a position in Labor and Employee Relations. IAF, Tab 27 at 25-26. However, other benefits specialists applied for the same position, and another person was selected. *Id.* at 26. Agency human resources managers also offered to review the résumés of those employees slated for reassignment and offer their feedback. *Id.* at 22. The appellant did not submit her résumé for such review. *Id.*

¶14    Even if the appellant received erroneous information, she has failed to allege that any agency statement affected her ultimate decision to retire. Indeed, she admitted that she was unable to relocate to Kansas City for personal reasons. IAF, Tab 15 at 10. She also has failed to identify any information that the agency should have provided her, but did not, and which might have affected her decision to retire. The appellant thus failed to show that she relied to her detriment upon insufficient or misleading information when she decided to retire.

¶15    The appellant also realleges her contention that that the agency improperly restricted her use of sick leave during the months preceding her retirement, resulting in a hostile work environment. PFR File, Tab 1 at 10; IAF, Tab 15 at 6-7, 11, 21. However, dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable to compel a reasonable person to retire. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).

¶16    In summary, we find that the appellant has not shown that her working conditions were so intolerable to compel a reasonable person to retire. The

agency successfully refuted her allegation that the reassignment was intended to coerce her retirement by showing that the reassignment was based on legitimate and bona fide management reasons that the appellant did not rebut.  Moreover, the appellant admitted that she could not relocate owing to personal considerations.  We also note that her retirement did not become effective until 1 day before her reassignment was to take place.  IAF, Tab 8 at 11.  Accordingly, we conclude that the appellant has not shown that she was coerced to retire.  We thus affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.