# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK GUY PATTERSON,
               Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
               Agency.

DOCKET NUMBER
CH-0752-16-0060-I-1

DATE: May 25, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Frederick Guy Patterson</u>, Troy, Illinois, pro se.

<u>Aaron Baughman</u> and <u>Joseph Rieu</u>, Esquire, Arlington, Virginia, for the
    agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his constructive demotion appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In September 2015, the agency notified the appellant that it had identified his I-band Transportation Security Inspector (Cargo) position for elimination and, in accordance with its Human Capital Management (HCM) Policy No. 351-3, *Involuntary Workforce Reduction (IWR) Procedures for Non-TSES, Non-TSO Positions* (HCM Policy No. 351-3), offered him either voluntary placement into vacancies within his airport complex (hub/spoke) or a future offer of placement nationwide. Initial Appeal File (IAF), Tab 4 at 9-12, Tab 14 at 19-22. Effective November 1, 2015, the appellant accepted a voluntary placement into an H-band position with saved pay for 2 years. IAF, Tab 14 at 24-29. Although the agency subsequently appointed him back to an I-band position as a Transportation Security Inspector, Explosives Detection Canine Handler, effective December 27, 2015, IAF, Tab 25 at 5, the appellant filed this appeal of his demotion to the H-band position, IAF, Tab 1. He requested a hearing. *Id.* at 2.

¶3      The administrative judge gave the appellant notice of the elements and burdens of establishing that his demotion was involuntary. IAF, Tab 3. In response, the appellant asserted that he had accepted the lower-graded position under duress due to an on-the-job injury. IAF, Tab 4 at 4-7. He challenged several agency decisions regarding who would be demoted and described his unsuccessful attempt to achieve a lateral transfer to avoid demotion. *Id.* He also indicated that he must work in the St. Louis area in order to care for his ill father. *Id.* at 77. The agency argued that the Board lacks jurisdiction and moved to stay the deadlines pending a decision on jurisdiction. IAF, Tab 14. The administrative judge granted the agency's requested stay. IAF, Tab 15.

¶4    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to raise a nonfrivolous allegation that his decision to accept a lower-graded position was involuntary. IAF, Tab 30, Initial Decision (ID). In his petition for review, the appellant essentially repeats the arguments he made in his appeal below. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the appellant's petition for review.[2] PFR File, Tab 3.

¶5    We agree with the administrative judge that the appellant failed to nonfrivolously allege that his decision to accept the lower-graded position was involuntary. ID at 5-6. Although his options were not attractive, the Board has long held that having to choose between unpleasant alternatives does not render the ultimate decision involuntary. *E.g.*, *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 10 (2009) (finding that an appellant's decision to retire rather than accept a demotion was not involuntary), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). As the administrative judge observed, just because the choices before the appellant involved the risk of involuntary separation and may have been dictated by his need to remain in the St. Louis area to care for his ill father, the appellant nonetheless had a choice. ID at 4-5. The appellant accepted the lower-graded position in writing, despite the reservations he expressed in doing so, indicating he voluntarily elected not to wait for a nationwide search that might have yielded a higher-graded position in another location or to risk involuntary separation. ID at 3-5; IAF, Tab 4 at 87-89.

---

[2] After the record on review closed, the appellant filed an additional pleading, which the Clerk of the Board rejected because the Board's rules do not provide for any pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to the response to the petition for review within the allotted time. 5 C.F.R. § 1201.114(a)(5), (k); PFR File, Tab 4. Because the appellant failed to follow the Clerk's instruction to file the required motion requesting leave to file the additional pleading, we have not considered it. 5 C.F.R. § 1201.114(a)(5).

¶6        Nevertheless, the Board has jurisdiction over an appeal challenging a reduction in force (RIF) action involving an excepted-service employee of the Transportation Security Administration (TSA), like the appellant. *Garofalo v. Department of Homeland Security*, 108 M.S.P.R. 169, ¶ 7 (2008); *Wilke v. Department of Homeland Security*, 104 M.S.P.R. 662, ¶ 16 (2007); IAF, Tab 1. However, title 5 provisions governing RIF actions are not applicable to the TSA, instead, the Board applies the TSA's internal RIF policy, which in this instance is contained in its HCM Policy No. 351-3. *Garofalo*, 108 M.S.P.R. 169, ¶ 8; IAF, Tab 14 at 19.

¶7        When the Board's jurisdiction is in doubt, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *E.g.*, *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 9 (2009) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)).  Here, neither party has submitted a copy of HCM Policy No. 351-3.  However, in a traditional RIF situation, an appellant who appears to have voluntarily accepted a demotion may establish jurisdiction over an agency's RIF action by proving:  (1) that he accepted a lower-graded position after the agency actually informed him that his original position would be abolished and, (2) that his acceptance of a lower-graded position occurred after the agency expressly notified him that he would not be assigned to a position at the same grade as the position which was abolished. *E.g.*, *Burger v. U.S. Postal Service*, 93 M.S.P.R. 582, ¶ 13 & n.3 (2003), *aff'd sub nom. Hayes v. U.S. Postal Service*, 390 F.3d 1373 (Fed. Cir. 2004).

¶8        Because the record does not reflect that the administrative judge gave the appellant proper notice of the elements and burdens of challenging his demotion as an involuntary RIF action under the agency's HCM Policy No. 351-3, we must remand the appeal for proper notice and, if the appellant establishes jurisdiction over his appeal, adjudication on the merits including any affirmative defenses that the appellant may interpose on remand. *E.g.*, *Garofalo*, 108 M.S.P.R. 169,

¶¶ 7-8, 19-22. Although it appears that the appellant elected a voluntary demotion before he was informed specifically that he would not be placed at the same grade level, he was not given an opportunity to meet his jurisdictional burden regarding a RIF demotion. In addition, absent the record's development concerning the agency's own RIF policies on voluntary demotions, we cannot determine whether the Board's traditional RIF jurisdictional analysis applies in this instance.

¶9    On remand, the administrative judge should allow the parties to further develop the record regarding whether the Board has jurisdiction over the appellant's RIF demotion, including providing the appellant with guidance as to how to meet his jurisdictional burden. Because the administrative judge previously stayed discovery, she should determine if the parties wish to engage in discovery on this issue. IAF, Tab 15. If so, she should allow such discovery. *See Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (advising an administrative judge on remand to allow discovery that could lead to relevant evidence regarding the Board's jurisdiction).

¶10   In addition, the administrative judge should also provide the parties with the opportunity to brief whether any RIF-related action is now moot. Although not entirely clear, it appears that the appellant may ultimately have lost no pay or benefits during the period that he was effectively demoted. As explained above, his demotion to an H-band position was with 2 years of saved pay. IAF, Tab 14 at 27. In addition, he was provided with an I-band position within those 2 years. IAF, Tab 25 at 5. However, on the record before us, we cannot determine whether the appellant received status quo ante relief, thus rendering moot any potential RIF claim. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016) (stating that status quo ante relief generally requires that the agency place an appellant in her former position or in one substantially equivalent in scope and status, remove references to the rescinded action, and restore any lost back pay or benefits). Further, it appears that the appellant attempted to raise a disability

discrimination and equal employment opportunity (EEO) retaliation claim below, which may preclude a finding that the appeal is moot. IAF, Tab 4 at 4-7; *see Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 8-20 (2016) (explaining that an administrative judge may not dismiss an appeal as moot if the appellant has discrimination or reprisal claim and requests compensatory damages); *Garofalo*, 108 M.S.P.R. 169, ¶¶ 20-21 (finding that an administrative judge properly found a TSA employee did not prove his EEO affirmative defenses in a RIF appeal, but directing that administrative judge to revisit those defenses in light of any additional evidence gathered on remand).

## ORDER

¶11    Accordingly, we vacate the initial decision and remand the appeal for further proceedings consistent with this Remand Order.[3]

FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.

---

[3] The remand initial decision will incorporate the findings from this Order and include a notice of appeal rights for all claims raised by the appellant.