NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3216

STUART D. MILLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Stuart D. Miller, of Stuart, Florida, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3216

STUART D. MILLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of a decision from the Merit Systems Protection Board in
DC0752080714-I-1.

_____

DECIDED:  January 11, 2008

_____

Before GAJARSA, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Stuart D. Miller petitions for review of the final decision of the Merit Systems
Protection Board ("Board") dismissing his appeal for lack of jurisdiction.  <u>See</u> <u>Miller v.
Dep't of Homeland Sec.</u>, 111 M.S.P.R. 325 (May 26, 2009) ("<u>Final Decision</u>").  For the
reasons stated below, we <u>affirm</u>.

BACKGROUND

Stuart D. Miller was employed by the Department of Homeland Security
("Agency").   Mr. Miller held a position as a Supervisory Transportation Security

Specialist for the Transportation Security Administration ("TSA") in Arlington, Virginia. This was a "K band" position according to the TSA career path model. The career path model ranks jobs within the TSA according to job qualifications and responsibilities, which begin at "A Band" and increase through "M Band." The TSA career path model also determines a TSA employee's pay level.

On August 6, 2006, the Agency assigned Mr. Miller to a "K band" position, and transferred him to a foreign duty assignment as a TSA Representative ("TSAR") in Brussels, Belgium. Mr. Miller had applied for the foreign position in early 2006 in response to a vacancy announcement, which advised that the position would not exceed four years. The Agency informed Mr. Miller that he would have return rights at the conclusion of his tour in accordance with established policies and regulations.

On January 11, 2008, the Agency informed Mr. Miller that the TSAR position in Brussels, Belgium would be discontinued, and that his overseas tour of duty would end on August 5, 2008. The Agency also informed Mr. Miller that he was eligible to exercise his return rights. On July 17, 2008, the Agency informed Mr. Miller that he would be assigned to a different "J band" position as a Transportation Security Specialist in Arlington, Virginia on August 6, 2008. The reassignment from the "K band" position to the "J band" position was a downgrade, but the Agency informed Mr. Miller that he would retain the same pay level.

Mr. Miller notified the Agency that he was dismayed by its decision to downgrade his position after nearly twenty years of federal service. He also objected to the reassignment because it was outside his commuting area. Rather than accepting the reassignment, Mr. Miller informed the Agency that he planned to retire on

August 5, 2008. Mr. Miller also requested that his accrued annual leave and compensatory time be used to establish his eligibility for discontinued service retirement. The Agency denied that request. It found that Mr. Miller was not eligible for discontinued service retirement because he was not involuntarily separated from the service, and he was subject to the expiration of his two-year foreign tour of duty with return rights to a position in the United States. Mr. Miller then informed the Agency that he intended to retire under the eligibility of minimum retirement age plus ten years ("MRA + 10"). Mr. Miller retired under that provision on August 5, 2008.

After Mr. Miller retired, he appealed to the Board alleging that the Agency improperly reassigned him to a lower-grade position. Mr. Miller also challenged the Agency's denial of his request to use annual leave to establish his eligibility for a discontinued service retirement annuity. The administrative judge ("AJ") dismissed the appeal for lack of jurisdiction, finding that Mr. Miller retired before the effective date of the Agency's reassignment:

> "While appellant did not suffer a reduction in pay, it does appear that the reassignment would have resulted in a reduction in grade from K to J band which would ordinarily establish jurisdiction over this appeal. The appellant, however, retired from service on August 5, 2008, and the reassignment at issue was not scheduled to be effected until August 6, 2008. Thus, because appellant retired from service before the agency intended to effect the reassignment, the Board lacks jurisdiction over his reduction in grade."

Miller v. Dep't of Homeland Sec., Nos. DC-0752-08-0714-I-1 & DC-3443-08-0767-I-1 (M.S.P.B. Nov. 21, 2009) ("Initial Decision"). The AJ did not address whether the Board had jurisdiction over Mr. Miller's discontinued service retirement annuity claim.

Mr. Miller petitioned the Board for review of the Initial Decision. The Board denied the petition, finding that Mr. Miller did not "nonfrivolously allege" that the Board has jurisdiction over the Agency's decision to downgrade his position or its denial of Mr. Miller's request for a discontinued service retirement annuity. See Final Decision at 5. Mr. Miller timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Dickey v. Off. of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005). We review the question of whether the Board has jurisdiction over an appeal de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999). Mr. Miller carries the burden to establish the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2) (2009).

Mr. Miller challenges the Agency's decision to reassign him from his position in Belgium to a lower-grade position in the United States. The Board ordinarily has jurisdiction over personnel actions take by agencies. See 5 U.S.C. § 7701(a). The Agency's decision to downgrade Mr. Miller's position, however, is not subject to review by the Board because Mr. Miller retired on August 5, 2008 before the effective date of his reassignment, August 6, 2008. Thus, Mr. Miller was not downgraded during his employment at TSA. Under these circumstances, Mr. Miller may appeal his

reassignment only if he can establish that his retirement was involuntary. See, e.g., Lichtman v. Dep't of Navy, 24 M.S.P.R. 524 (1984) (where appellant resigned before the decision to remove him was effected, the involuntariness of the resignation was the only issue on appeal). However, Mr. Miller's involuntary retirement claim is currently pending in a separate appeal before the Board, and no final decision has issued in that case. Therefore, it is not a basis on which jurisdiction can be predicated in this case.

Mr. Miller also contends that he is entitled to a discontinued service retirement annuity under 5 U.S.C. § 8418(b) ("Early Retirement") and 5 C.F.R. § 842.206 ("Involuntary Retirement"). The Board found that Mr. Miller was not "involuntarily separated" within the meaning of the statutory and regulatory requirements for eligibility for such an annuity. Mr. Miller argues that his resignation following separation from his position by reassignment outside his commuting area constitutes an involuntary separation for this purpose. Mr. Miller also contends that he was wrongfully denied his statutory right to use accrued annual leave to meet the length of service requirement for a discontinued service annuity. We disagree. We find that the Board properly dismissed Mr. Miller's discontinued service retirement annuity claim for lack of jurisdiction.

The retirement provisions are primarily administered by the U.S. Office of Personnel Management ("OPM"). An individual who seeks a discontinued service retirement annuity must first apply to OPM before seeking review by the Board. See Edgerton v. Merit Sys. Prot. Bd., 768 F.2d 1314, 1317 (Fed. Cir. 1985); Lichtman, 24 M.S.P.R. at 527 n.2. The Board's authority is limited to appellate review of OPM's final decisions regarding retirement claims. See 5 U.S.C. §§ 8347(d) & 8461(e). Mr.

Miller presented no evidence that he filed an application with OPM. Accordingly, the Board properly found that it lacked primary jurisdiction over his discontinued service retirement claim. See Edgerton, 768 F.2d at 1316. The Board also properly declined to address Mr. Miller's entitlement to credit for annual leave because it related to his request for a discontinued service retirement annuity, a claim which the Board had no authority to address.

## CONCLUSION

For the foregoing reasons, the final decision of the Board dismissing Mr. Miller's appeal for lack of jurisdiction is affirmed.

No costs.