# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES H. MONTGOMERY,
          Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
          Agency.

DOCKET NUMBER
DC-3443-16-0225-I-1

DATE: July 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James H. Montgomery</u>, Baltimore, Maryland, pro se.

<u>Daniel Piccaluga</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency advertised the GS-15 position of Supervisory Equal Employment Opportunity Specialist with the Federal Emergency Management Agency under two vacancy announcements: one under delegated examining unit procedures (FEMA-16-LDC-79823-DE) and another under merit promotion procedures (FEMA-16-LDC-79823-MP). Initial Appeal File (IAF), Tabs 1, 6‑7. The appellant applied under the delegated examining unit procedures for vacancy announcement number FEMA-16-LDC-79823-DE.

¶3 The appellant, a nonpreference eligible, thereafter filed an appeal alleging that the agency committed harmful procedural error when it did not consider his application and failed to state in the vacancy announcement that it would consider veterans only. IAF, Tab 1. The administrative judge did not hold a hearing. Based on the written record, he found that the Board does not have jurisdiction over nonselections, and determined that claims of unlawful conduct in the selection process must be brought in other forums. IAF, Tab 12, Initial Decision (ID) at 3. He also found that the Board does not have jurisdiction over the appellant's claim as an employment practice because he had not presented any facts or evidence to establish that the agency violated one of the basic

requirements for employment practice appeals set forth in 5 C.F.R. § 300.103.[2] ID at 2‑4.

¶4     In his petition for review, the appellant contends that the administrative judge mistakenly treated this appeal as a nonselection rather than as a failure to consider his application.  He contends that the agency's failure to consider his application under the delegated examining unit procedures is a violation of 5 U.S.C. § 2302(b)(4) and (b)(6).

¶5     On review, the appellant raises for the first time the argument that the agency's action violated sections 2302(b)(4) and (b)(6).  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has made no such showing.

¶6     In any event, the Board lacks jurisdiction over the appellant's prohibited personnel practices claim.  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The administrative judge properly found that the appellant failed to identify an agency action over which the Board has been given jurisdiction, whether it is characterized as a nonselection, an employment practice, or a failure to consider

---

[2] The term "employment practices" includes the development and use of examinations, qualification standards, tests, and other measurement instruments.  5 C.F.R. § 300.101. Each employment practice of the Federal Government generally, and of individual agencies, shall be based on a job analysis to identify:  (1) the basic duties and responsibilities; (2) the knowledge, skills, and abilities required to perform the duties and responsibilities; and (3) the factors that are important in evaluating candidates.  The job analysis may cover a single position or group of positions, or an occupation or group of occupations, having common characteristics.  5 C.F.R. § 300.103.  The misapplication of a valid Office of Personnel Management requirement under 5 C.F.R. part 300 would constitute an employment practice.

an application of a nonveteran.[3]   Under the circumstances of this case, the appellant failed to establish Board jurisdiction over his nonselection.  *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 10 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010).  Also, the appellant failed to establish Board jurisdiction over this appeal as an employment practice claim.  *See, e.g.*, *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶¶ 6–7 (2010) (describing the Board's jurisdictional analysis under 5 C.F.R. § 300.104(a)).   Thus, the appellant's claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(4) and (b)(6)[4] are not themselves independent sources of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).   Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[3] The agency contends that it did consider the appellant's application under FEMA-16-LDC-79823-DE.   IAF, Tab 11 at 18 n.1.   The parties' factual dispute, however, is irrelevant to the issue of whether the Board has jurisdiction over this appeal.  Under the Veterans Employment Opportunities Act of 1998, the Board may have jurisdiction to consider an agency's failure to consider a preference eligible for a position when the agency accepted applications from outside its workforce. 5 U.S.C.A. § 3304(f)(1). However, the appellant admits that he is not a preference eligible.

[4] 5 U.S.C. § 2302(b)(4) prohibits deceiving or willfully obstructing any person with respect to such person's right to compete for employment.   5 U.S.C. § 2302(b)(6) prohibits an employee from "grant[ing] any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment . . . for the purpose of improving or injuring the prospects of any particular person for employment."

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                     The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.