**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GLORIA J. SANFORD,
                    Appellant,

            v.

OFFICE OF SPECIAL COUNSEL,
                    Agency.

DOCKET NUMBER
DE-3443-19-0125-I-1

DATE: January 24, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gloria J. Sanford, Littleton, Colorado, pro se.

Amy Beckett, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    According to the appellant, an employee with the Department of Veterans Affairs (VA), she filed a retaliation complaint with the VA Whistleblowers Accountability Office. Initial Appeal File (IAF), Tab 1 at 5, 12. She alleges that the complaint was not handled properly and was eventually closed. *Id.* She subsequently filed a complaint with the Office of Special Counsel (OSC), and claims to have been told by OSC that they would request and obtain the documents regarding her complaint possessed by the VA Whistleblowers Accountability Office. *Id.* at 5.

¶3    On November 28, 2018, OSC closed its investigation into the appellant's complaint. *Id.* at 21-22. OSC's close-out letter informed the appellant that she could seek corrective action for any personnel action taken against her because of protected disclosures included in her OSC complaint by filing an IRA appeal with the Board. *Id.*

¶4      On February 11, 2019, the appellant filed an appeal with the Board. IAF, Tab 1. Rather than appealing the alleged retaliation against her by the VA, however, the appellant listed OSC as the agency that took the action and made the decision she was appealing. *Id.* at 1. According to the appellant, OSC was unresponsive, failed to request and obtain various documents from the VA, and generally mishandled her complaint. *Id.* at 5.

¶5      The administrative judge, questioning the Board's jurisdiction, issued an order to the appellant to establish that the Board has IRA jurisdiction over OSC. IAF, Tab 3 at 1. In the same order, the administrative judge instructed the appellant on how to file an IRA appeal against her employing agency based on alleged whistleblower retaliation. *Id.* at 2-3. The appellant responded confirming that she did not intend to file an IRA appeal against the VA and again laid out the facts allegedly demonstrating how OSC had mishandled her case. IAF, Tab 4 at 4-5. The appellant additionally asked the administrative judge to inform her who, if not the Board, has jurisdiction over the matter. *Id.*

¶6      On February 22, 2019, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). He found that an assertion that OSC mishandled a complaint is a matter outside the Board's jurisdiction. ID at 1-3. Accordingly, he concluded that the appellant had failed to make a nonfrivolous jurisdictional allegation. *Id.*

¶7      The appellant has filed a petition for review, and OSC has responded. Petition for Review (PFR) File, Tabs 1, 3. In her petition, the appellant claims that under the Freedom of Information Act (FOIA), she requested that the administrative judge provide information as to who has the authority to oversee her case against OSC, and he failed to respond. PFR File, Tab 1 at 3, 5. She further claims that, under the First Amendment of the Constitution, she has a right to petition the Government for a redress of grievances, which gives her the right to seek relief for a wrong through the courts or other governmental action. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        When an appellant disagrees with OSC's decision to close a whistleblower complaint, she can bring an IRA appeal against the employing agency and seek corrective action. 5 U.S.C. §§ 1214(a)(3), 1221(a). Here, rather than challenging the merits of her underlying personnel action, the appellant is challenging OSC's handling of her case and its decision to close her complaint. IAF, Tab 4 at 4-5. This is not a matter under the Board's jurisdiction.

The appellant has not made a nonfrivolous allegation of Board jurisdiction over her IRA appeal.

¶9        The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶10       The appellant seeks to challenge OSC's failure or refusal to properly resolve her complaint. However, the appellant has not alleged either below or on review that OSC's action constitutes any of the personnel actions enumerated in 5 U.S.C. § 2302(a). An investigation generally is not considered a personnel action, although the Board may consider whether the investigation was pretext to take a closely related personnel action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 22 n.12 (2013). Here, there is no allegation that OSC's allegedly deficient investigation was a pretext to take a personnel action. Without a personnel action taken by OSC, the named party in this case, the Board lacks jurisdiction over the appellant's IRA appeal. *Carson v. Merit System Protection Board*, 680 F. App'x 1016, 1017 (Fed. Cir. 2017) (per curiam) (affirming the Board's determination that the allegation of OSC's failure to

investigate or resolve the whistleblower complaint did not describe a personnel action).[2]

Even outside the context of a traditional IRA appeal, the Board does not otherwise have jurisdiction.

¶11      The appellant argues, both below and on review, that OSC failed to properly request certain documents during the course of its investigation, failed to properly investigate her case, and improperly closed her complaint. IAF, Tab 1 at 5; PFR File, Tab 1 at 3. The Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd per curiam*, 361 F. App'x 134 (Fed. Cir. 2010). Rather, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). There is no law, rule, or regulation, pointed to by the appellant or otherwise available, which gives the Board jurisdiction to review OSC's handling of a case or decision to close a file. *See* 5 U.S.C. §§ 1211-1219 (establishing OSC and detailing such matters as its process and procedures for conducting investigations without providing any statutory right to appeal OSC's action or inaction); 5 C.F.R. § 1201.3(a) (listing those matters over which the Board has appellate jurisdiction). Although "OSC must . . . investigate an alleged prohibited personnel practice involving reprisals against whistleblowing to the extent necessary to determine whether there" are reasonable grounds to believe that a prohibited personnel practice has occurred and "issue reasons for terminating an investigation," the Board lacks authority to enforce these statutory requirements. *Wren v. Merit Systems Protection Board*, 681 F.2d 867, 871-72 (D.C. Cir. 1982); *see also* 5 U.S.C. § 1214(a)(1)(A), (2)(A) (reflecting the statutory requirements referenced in *Wren*).

---

[2] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

¶12     The appellant also argues on review that the administrative judge erred by not responding to her FOIA request, and seems to suggest that the Board thus has jurisdiction to review the errors of the initial decision. PFR File, Tab 1 at 3-5. The record reflects that, in response to the administrative judge's order on jurisdiction, the appellant asked, "if the MSPB does not have jurisdiction over the improper handling of an OSC Case please provide who does." IAF, Tab 4 at 4. The appellant did not cite to FOIA or otherwise comply with the Board's procedures for making such a request. 5 C.F.R. § 1204.11. Further, an alleged denial of a FOIA request is properly appealed to the Board's Chairman under the procedures in 5 C.F.R. § 1204.21, and not by way of a petition for review. *See Normoyle v. Department of the Air Force*, 65 M.S.P.R. 80, 83 (1994) (recognizing that the Board is not authorized to consider claims of FOIA violations in the context of a petition for review); *see also* http://www.mspb.gov/foia/request.htm (last visited Jan. 23, 2023) (providing information to requestors about MSPB's FOIA process).

¶13     The appellant additionally argues that, under the Right to Petition clause of the First Amendment, she has the right to petition the Government for redress of grievances and to ask the Government to provide relief for a wrong. PFR File, Tab 1 at 3-5. The appellant is seemingly arguing that the Right to Petition affords her the right to seek relief from any Federal Government agency, but cites no authority for this interpretation of the First Amendment. In the context of an IRA appeal, the Board lacks jurisdiction over First Amendment claims. *Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 699 (1994). While the appellant may be correct that the First Amendment affords her the right to sue the Government, we are without authority to address her claim. *See Dooley v. Department of Veterans Affairs*, 112 M.S.P.R. 110, ¶¶ 5, 8 (2009) (explaining that

the Board lacks appellate jurisdiction over an appellant's First Amendment claim absent jurisdiction over an underlying appealable action).[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] We express no opinion as to whether the appellant may be able to seek redress for her claims elsewhere. *See Wren*, 681 F.2d at 872 (finding that "if the OSC fails to perform its statutory duties . . . relief—if it lies at all—must be sought in a separate action in the district court to compel the OSC to perform its statutory duties") (citing 5 U.S.C. §§ 702, 704); *see also Securiforce International America, LLC v. United States*, 879 F.3d 1354, 1360 (Fed. Cir. 2018) (finding that 5 U.S.C. § 702 provides a cause of action for nonmonetary claims against the Government, so long as "there is no other adequate remedy in a court") (citing 5 U.S.C. § 704).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

　　　If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

　　　Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

　　　http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 　　　　　　　　　　　　/s/ for
　　　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　　　Acting Clerk of the Board
Washington, D.C.