## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID LIONEL HALTERMAN,
    Appellant,

        v.

DEPARTMENT OF AGRICULTURE,
    Agency.

DOCKET NUMBER
DC-0752-17-0081-I-1

DATE: January 26, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David Lionel Halterman</u>, Fayetteville, North Carolina, pro se.

<u>Jose Calvo</u>, Esquire, and <u>Joshua N. Rose</u>, Esquire, Washington, D.C., for
    the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his allegedly involuntary retirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　On October 20, 2016, the agency issued a notice removing the appellant from his GS-1862-08 Consumer Safety Inspector position based on alleged misconduct. Initial Appeal File (IAF), Tab 5 at 13-17. That same day, the appellant submitted his application for voluntary retirement, which became effective on October 20, 2016. *Id.* at 11, 13-14. Thereafter, the appellant filed a Board appeal and contended that his retirement was involuntary. IAF, Tabs 1, 5, 12-13, 15, 18. In an initial decision issued on the written record, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction, and he dismissed the appeal. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review. PFR File, Tab 3.

¶3　　　In his petition for review, the appellant states that he is a disabled veteran and was forced to retire when the agency removed him. PFR File, Tab 1 at 3. He also states that the agency is required to provide reasonable accommodation to disabled employees. *Id.* However, he identifies no error of fact or law in the initial decision. We find that the initial decision was correctly decided for the reasons discussed below.

¶4    A decision to retire is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by preponderant evidence that his retirement was involuntary and therefore tantamount to a forced removal. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009) (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006) (en banc)). The appellant provided multiple reasons why his retirement was allegedly involuntary. First, he asserts that he retired because his union representative led him to believe that he would lose his retirement benefits if he were removed. IAF, Tab 18 at 3. This amounts to an argument that his retirement was involuntary because of misinformation. A retirement action is involuntary if the agency made misleading statements upon which the employee reasonably relied to his detriment. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd,* 361 F. App'x 134 (Fed. Cir. 2010). However, the misinformation has to come from the agency; the agency is not responsible for misinformation that comes from third parties such as a union representative. The appellant failed to make a nonfrivolous allegation that he retired in reliance on misinformation provided by the agency. *Cf. Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010) (finding that, to establish involuntariness on the basis of coercion, the appellant must establish, inter alia, that the retirement was the result of improper actions by the agency).

¶5    The appellant also alleged that he retired because the agency conspired to remove him, which implies that he believes the removal action was without any basis.[2] IAF, Tab 18 at 3. This amounts to a claim of coercion on the basis that

---

[2] The appellant also contends that his mental illness and side effects from his medication caused his alleged misconduct. IAF, Tab 18 at 3. Neither the Rehabilitation Act of 1973 nor the Americans with Disabilities Act of 1990 immunizes disabled employees from being disciplined for misconduct, provided that the agency would impose the same discipline on an employee who is not disabled. *Burton v. U.S.*

the agency knew or should have known that the action could not be substantiated. If the appellant can show that he retired to avoid a threatened removal action, and if he can further show that the agency knew or should have known that the action could not be substantiated, then his decision to retire may be considered coerced and therefore involuntary. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010). The agency alleged that the appellant, inter alia, brought his wife into the office, which is a secured and access-controlled facility, without authorization to confront his supervisor, which she did, creating a disturbance; brought his son without authorization into a poultry farm he inspected; and poked a farm manager in the chest during a conversation, which prompted the farm to request that the agency not send the appellant to its facility any more. IAF, Tab 10 at 23-24.

¶6      The appellant does not clearly dispute the agency's version of events. In fact, he admitted to bringing his family members into the workplace, and he contends that any physical contact with the farm manager was accidental. IAF, Tab 5 at 5. The fact that the appellant has a defense—that may or may not be successful—against the agency's allegations of misconduct is insufficient to establish that the agency knew or should have known that its allegations could not be substantiated. *Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988) (explaining that, to show that the agency knew or should have known that its action could not be substantiated, the appellant must do more than merely rebut the agency's reasons for the action). Moreover, the appellant has an extensive prior disciplinary record, to include five prior suspensions, all for improper conduct. IAF, Tab 10 at 17, 26-27. The appellant has not shown that the agency knew that there was no factual basis for its charges, and, assuming the charges were sustained, removal would be within the bounds of reasonableness for an employee with such an extensive disciplinary record. We find that the

*Postal Service*, 112 M.S.P.R. 115, ¶ 16 (2009); *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 5 (2009).

administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that his retirement was coerced.

¶7 The appellant's remaining allegations all have to do with the state of his mental health. Shortly after he left the agency, he was diagnosed with a mental illness, and he asserts that he had been taking particular medication at some point. IAF, Tab 18 at 3. He also asserts that the agency failed to address his medical issues and failed to offer him reasonable accommodation for his condition. *Id.*

¶8 By this, the appellant may be attempting to assert that his retirement was involuntary because he was not mentally competent to make the decision to retire. A finding that the appellant was not mentally capable of making a rational decision when he retired would render his decision involuntary and bring his appeal within the Board's jurisdiction. *Burks v. Department of Defense*, 70 M.S.P.R. 127, 130 (1996). However, the fact that the appellant has a mental illness and takes medication does not mean that he is or was mentally incompetent, and he has submitted no evidence that his condition rendered him incapable of making rational decisions at the time of his retirement.

¶9 The appellant also may be attempting to claim that his retirement was involuntary because the agency failed to accommodate a disability and/or the agency subjected him to intolerable working conditions. Absent jurisdiction over the underlying action, the Board lacks jurisdiction to adjudicate allegations of discrimination. *Garcia*, 437 F.3d at 1342-43. However, it is appropriate to consider the appellant's discrimination allegations to the extent they bear on the question of involuntariness. *Hosozawa*, 113 M.S.P.R. 110, ¶ 5. An appellant may demonstrate that his retirement was involuntary by showing that the agency denied a request for reasonable accommodation. *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 13 (2007). In this case, the appellant has not shown that he ever requested reasonable accommodation. *Cf. Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 7 (2009) (finding that, when the appellant failed to show that he ever articulated a reasonable accommodation, he failed to

prove disability discrimination).  Moreover, the only accommodation he suggested in his appeal is that the agency train *other* employees how to communicate with him.  As the administrative judge noted, the appellant failed to articulate any legal authority for the proposition that training others how to communicate is a reasonable accommodation.

¶10     Finally, to prevail in an intolerable working conditions claim, the appellant must prove that, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to retire.  *McCray v. Department of the Navy*, 80 M.S.P.R. 154, ¶ 8 (1995) (citing *Heining v. General Services Administration*, 68 M.S.P.R. 513, 520 (1995)).  The question of voluntariness rests on whether the totality of the circumstances supports the conclusion that the appellant was effectively deprived of free choice in the matter; application of this test must be gauged by an objective standard rather than by the appellant's purely subjective evaluation.  *McCray*, 80 M.S.P.R. 154, ¶ 8 (citing *Heining*, 68 M.S.P.R. at 519-20).  The appellant here has not explained why he believes that his working conditions were intolerable, aside from his allegations concerning reasonable accommodation discussed above.  He has not made out a claim that his working conditions were so objectively intolerable that a reasonable person in his position would have felt compelled to retire.

¶11     Accordingly, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.