## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER M. JOSEPH,
               Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
NY-0752-17-0019-I-1

DATE: March 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher M. Joseph</u>, Central Islip, New York, pro se.

<u>Michael J. Berger</u>, Esquire, Brooklyn, New York, for the agency.

<u>Steven A. Snyder</u>, Northport, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation and within-grade increase (WIGI) denial appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant filed an appeal alleging that his resignation was involuntary and that the agency improperly denied him a WIGI.  Initial Appeal File (IAF), Tab 1 at 5.  He also asserted that he was discriminated against and harassed by his supervisor, and he included a copy of a September 29, 2016 notice proposing his removal for unacceptable performance.  *Id*. at 7, 10-14.  Because it appeared that the Board might not have jurisdiction over his appeal, the administrative judge ordered the appellant to submit evidence and argument establishing a nonfrivolous allegation of jurisdiction.  IAF, Tab 4.  The administrative judge

also scheduled a telephonic status conference. IAF, Tab 5. The appellant did not file a response or appear for the conference.

¶3 Thereafter, the administrative judge issued an initial decision, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over either his involuntary resignation claim or his claim that the agency improperly denied his WIGI. IAF, Tab 9, Initial Decision (ID) at 3-5. She therefore dismissed the appeal for lack of jurisdiction without holding the requested hearing. ID at 1, 5.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

¶5 An employee-initiated action, such as a resignation, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress, coercion, or misinformation, or if the appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *See Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 11 (2011); *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd per curiam,* 361 F. App'x 134 (Fed. Cir. 2010). The reasonable person test is an objective test and does not depend on the appellant's subjective characterization of the agency's actions. *See Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Id.* at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id.*

¶6      Below, the appellant provided few facts—and no evidence—in support of his claim that his resignation was involuntary. Rather, he provided bare assertions that the agency improperly placed him on a performance improvement plan, denied his WIGI, and discriminated against him. IAF, Tab 1 at 7. Accordingly, we agree with the administrative judge's finding that the appellant failed to nonfrivolously allege involuntariness. ID at 3-4.

¶7      On review, the appellant expands on the factual allegations he made below. PFR File, Tabs 1, 4. All of these new arguments, however, are based on facts that were known to him while his appeal was pending before the administrative judge, and he could have raised them below in response to the administrative judge's jurisdictional order or at the status conference scheduled to discuss jurisdiction. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant here has not attempted to make his required showing, and we thus have not relied on his new arguments on review. Nevertheless, even if we were to consider them, they do not affect the outcome of the case.

¶8      A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *See, e.g.*, *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 10 (2007). The appellant's new arguments, even if he were able to prove them, would not show that his resignation was involuntary. For example, the appellant challenges the merits of his 1-day suspension and the denial of his WIGI, and he sets forth his version of events concerning his alleged performance and disciplinary issues that occurred prior to his resignation. PFR File, Tab 4. However, he has not alleged facts to show that his working conditions were so intolerable such that a reasonable person in his position would have felt compelled to resign. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that

dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign).

¶9    In addition, the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of his ultimate choice of resignation, unless the employee can show that the agency knew or should have known that the reason for the threatened removal could not be substantiated. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010). Here, the appellant makes no factual allegations that would even suggest that the agency was aware that it could not prove its charges. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (concluding that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action). We find, therefore, that the administrative judge correctly dismissed this appeal for lack of jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

[3] The appellant does not appear to challenge the administrative judge's finding that he failed to nonfrivolously allege jurisdiction over the denial of his WIGI as an otherwise appealable action, and we discern no basis to disturb that finding.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.