**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANNE C. KELLY, | DOCKET NUMBER |
| Appellant, | DC-0752-18-0576-I-1 |
| v. | |
| DEPARTMENT OF LABOR, | DATE: July 16, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anne C. Kelly, Ellicott City, Maryland, pro se.

Rolando N. Valdez, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide additional support for the administrative judge's findings on the appellant's disability discrimination and equal employment opportunity (EEO) retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

¶2 The agency removed the appellant from her Information Technology Specialist position based on the following charges: (1) Providing Inaccurate Information on Your Timecards (27 specifications); (2) Inappropriate Behavior (7 specifications); and (3) Failure to Follow Supervisory Instructions (24 specifications). Initial Appeal File (IAF), Tab 1 at 175-82, Tab 10 at 7, Tab 12 at 15-30. The agency based the Inappropriate Behavior charge on the content of several emails the appellant sent to her supervisor and the Failure to Follow Supervisory Instructions charge on her failure to complete an assignment by a deadline date and failure to send email messages to the division's staff indicating when she ended her work day while telecommuting. IAF, Tab 12 at 15, 20-24.

¶3 On appeal, the appellant challenged the action and asserted disability discrimination based on disparate treatment, disparate impact, and a failure to reasonably accommodate her disability, sex discrimination based on a hostile work environment, retaliation for EEO activity, whistleblower reprisal, a due process violation, harmful error, and violations of the Family and Medical Leave

Act of 1993 (FMLA) and the Telework Enhancement Act.  IAF, Tab 16, Tab 22 at 6, 23, Tab 35.

¶4      Based on the written record because the appellant withdrew her request for a hearing, IAF, Tabs 34-35, the administrative judge sustained the removal action, IAF, Tab 44, Initial Decision (ID) at 1, 64.  The administrative judge found that the agency proved 26 of the 27 specifications supporting the charge of Providing Inaccurate Information on Your Timecards, all 7 of the specifications supporting the charge of Inappropriate Behavior, and all 24 of the specifications supporting the charge of Failure to Follow Supervisory Instructions.  ID at 11-34. The administrative judge further found that the appellant did not prove disability or sex discrimination, retaliation for EEO activity, reprisal for whistleblowing, a violation of due process, harmful error, or a violation of the FMLA or the Telework Enhancement Act.  ID at 34-60.  Finally, the administrative judge found that the agency proved a nexus between the misconduct and the efficiency of the service and that the penalty of removal was reasonable.  ID at 60-64.

**ANALYSIS**

¶5      The appellant's petition for review focuses on whether the agency discriminated against her by failing to accommodate her disability, discriminated against her based on sex, retaliated against her for engaging in EEO activity, and violated the FMLA and Telework Enhancement Act.  Petition for Review (PFR) File, Tab 1 at 5-17.  The appellant also challenges the reasonableness of the penalty.  *Id.* at 17-20.  Accordingly, we address these allegations.[2]  We affirm all of the administrative judge's findings, modifying her analysis as to the appellant's disability discrimination and EEO retaliation claims.

---

[2] We decline to disturb the administrative judge's findings that the agency proved its charges and a nexus between the charges and the efficiency of the service, and that the appellant did not prove reprisal for whistleblowing, harmful error, or a due process violation.  The appellant does not dispute these findings on review.  *See* 5 C.F.R. § 1201.115 (providing that the Board will consider only issues raised in a timely filed petition or cross petition for review).

<u>The appellant has not proven disability discrimination</u>.

¶6    The administrative judge found that, although the appellant was disabled due to her depression and bipolar disorder, she did not assert that the agency denied her a reasonable accommodation, but instead alleged that her requested accommodation of telework was effectively denied because it was delayed by 2½ months.[3]  ID at 36, 39-42.  The administrative judge held that any delay was not unnecessary or unreasonable because the agency was entitled to request supporting medical documentation for the appellant's conditions, which were not obvious, the agency worked to evaluate the request in an expeditious manner after she submitted medical documentation, and the agency was entitled to obtain signed and dated medical documentation from a medical provider.  ID at 38-43.[4]

¶7    The appellant challenges the administrative judge's finding that the delay was reasonable in part because the agency purportedly sought an independent medical review after the appellant submitted medical documentation on January 23, 2017.  PFR File, Tab 1 at 5-6.  The appellant contends that she did not submit medical documentation on that date and an independent medical review did not occur at that time.  *Id.*  The appellant asserts that the only communication she had with the agency on January 23, 2017, involved her representative informing the agency that the information it sought had already

[3] The administrative judge did not address whether the appellant was a qualified individual with a disability.  ID at 38-43; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29.

[4] The administrative judge acknowledged that the agency could have provided an interim accommodation, but states that "doing so was complicated by the appellant's recent telework revocation, which was effective on November 29, 2016." ID at 41.  We are skeptical that this is an adequate justification for not offering the appellant an interim telework accommodation in December 2016.  Even if the appellant was ineligible for telework under the agency's general policy, this would not be a sufficient basis for the agency to deny her telework as an accommodation.  *See Natalie S. v. Department of Veterans Affairs*, EEOC Appeal Nos. 0120140815, 0120142049, 2018 WL 703733 at *13-*14 (January 26, 2018).  Nevertheless, because the appellant has not shown that any failure to accommodate was causally related to her removal, the issue of interim accommodation is ultimately immaterial.  *See infra*, ¶ 11; 5 U.S.C. § 7701(c)(2)(B).

been provided, and the only independent medical review occurred in July 2017 after she requested a change in her accommodation from part-time to full-time telework. *Id*. at 6.

¶8    The appellant also contends that the agency committed disability discrimination because it incorrectly relied on the telework provisions of a collective bargaining agreement to delay its provision of that reasonable accommodation. *Id*. at 8-9. She further asserts that the agency ignored other requests for accommodation in addition to the requests addressed by the administrative judge and improperly required her to fill out a form and provide additional medical documentation. *Id*. at 9-12.

¶9    Having considered the administrative judge's analysis of this issue, we discern no error in her findings that any delay in accommodating the appellant was not unnecessary and that the agency otherwise did not improperly require the appellant to submit certain forms and provide medical documentation in support of her accommodation request. ID at 39-43; *see Beck v. University of Wisconsin Board of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party that obstructs or delays the interactive process is not acting in good faith."). In sum, we agree with the administrative judge's conclusion that, under the circumstances, the approximately 2 1/2-month delay in granting the appellant's accommodation request was not unreasonable. Therefore, the appellant has not shown that the agency committed disability discrimination. We also set forth, however, an additional basis for finding that the appellant's disability discrimination claim must fail.

¶10    To establish an affirmative defense of disability discrimination, an appellant must first prove, among other things, that she suffers from a disability and that it caused her misconduct or that the misconduct was entirely a manifestation of her disability. *Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 15 (2009). The appellant alleges that the agency's delay in accommodation worsened her disabilities and was a significant factor in her "resulting behavioral issues." PFR

File, Tab 1 at 12-13. She also suggests that the medication she took for her disability affected her short-term memory and "allegedly result[ed] in incorrect time and attendance reporting," *id.* at 17-18, and asserts that she presented medical evidence proving that her past disciplinary actions and the misconduct underlying the charge of Inappropriate Behavior "were consistent with [her] bipolar I disability," *id.* at 19. She contends that an initial incorrect diagnosis of her medical condition and incorrect medication treatment contributed to any faulty time and attendance reporting and that her disability and medication affected her short-term memory. *Id.* The appellant submitted evidence supporting these allegations. IAF, Tab 1 at 67-72, 132, Tab 33 at 35-43, 48-50.

¶11        Even assuming that the appellant's misconduct was consistent with and a manifestation of her disabilities, *see Stevens v. Department of the Army*, 73 M.S.P.R. 619, 627-28 (1997), we would still find that she did not prove her allegation of disability discrimination. The Rehabilitation Act does not immunize disabled employees from being disciplined for misconduct in the workplace provided the agency would impose the same discipline on an employee without a disability. *Burton*, 112 M.S.P.R. 115, ¶ 16. An employer never has to excuse a violation of a uniformly applied conduct rule that is job-related and consistent with business necessity. *See* Equal Employment Opportunity Commission Notice No. 915.002, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Question 35 (Oct. 17, 2002), *available at* http://www.eeoc.gov/policy/docs/accommodation.html. We find the agency's requirements that its employees provide accurate information on their timecards, communicate with their supervisors in an appropriate manner, and follow their supervisors' instructions appear to be conduct rules that are job-related and consistent with business necessity. The appellant has not shown that the agency treated her differently from other non-disabled employees who may have engaged in similar actions. *Id.*; *see Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 18 (2009); *Burton*, 112 M.S.P.R. 115, ¶ 16; *Bailey v.*

*Department of Defense*, 92 M.S.P.R. 59, ¶ 14 (2002). Accordingly, the appellant has not shown that the agency discriminated against her based on her disability in connection with the removal action.

The appellant did not prove sex discrimination.

¶12      The appellant asserted on appeal that the agency subjected her to a hostile work environment based on sex and did not take appropriate action in response to her complaints, but instead directed her to stop her accusations. IAF, Tab 38 at 15-18. In particular, she claimed that a coworker made comments to her of a sexual nature regarding a female employee who had had an affair with the appellant's husband, who also worked at the agency. *Id.* at 16; *see* IAF, Tab 1 at 140-41. The appellant asserted that these comments and the agency's failure to investigate or stop the harassment decreased her morale, increased her depression and anxiety, impacted her ability to report to work and focus, and led to her reliance on medications that contributed to memory and concentration problems, increased irritability, and a loss of impulse control in her email communications with her supervisor. IAF, Tab 38 at 16-18.

¶13      The administrative judge found that, even if true, the appellant did not show that the limited conduct of the coworker was so severe or pervasive that a reasonable person would have found the working environment to be hostile or abusive. ID at 44-45. The administrative judge held that, even if the appellant established that she experienced a hostile work environment based on sexual harassment or a violation of the agency's harassment reporting policy, the agency would have removed the appellant based on the sustained misconduct, which was unrelated to her harassment allegations. ID at 46-47. She thus found no connection between these events and the removal action. ID at 46. The administrative judge further found that the proposing and deciding officials had no knowledge of the appellant's allegations of sexual harassment. *Id.*

¶14     The appellant asserts on review that the sexual comments at issue were not limited but ongoing, as evidenced by an email she sent to her first-level supervisor. PFR File, Tab 1 at 14-15. The record includes an email dated November 14, 2016, in which the appellant reported to the supervisor two inappropriate comments made by her coworker. IAF, Tab 1 at 140. Another email to her supervisor, dated November 22, 2016, indicates that the appellant had to listen to the coworker talk about the female employee "still to this day," that the coworker continues to say things to the appellant about her husband and the female employee, and that he made an inappropriate comment to her in that regard 2 weeks ago. *Id.* at 141. We find no error in the administrative judge's determination that the appellant did not show that these comments, which appear to have been made within a 2-week period, were sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. ID at 45-46; *see Viens v. Department of the Interior*, 92 M.S.P.R. 256, ¶¶ 9-10 (2002).

¶15     Although the appellant contends that the administrative judge did not consider her first-level supervisor's direction to her not to report further alleged sexual harassment by the coworker, PFR File, Tab 1 at 15, the administrative judge noted this allegation, ID at 44-45, but ultimately found the discrimination allegation unproven, ID at 45-47. The record includes the supervisor's notes from his January 6, 2017 verbal counseling of the appellant, which addressed numerous aspects of her behavior including her "[i]nappropriate references to current and former staff members" such as "[a]ccusations about [the coworker]." IAF, Tab 12 at 211-14. This document does not reflect any demand that the appellant stop any legitimate complaints about her coworkers. Moreover, the supervisor confronted the coworker about the appellant's allegations and instructed him to stop the comments if they were true. IAF, Tab 13 at 87, Tab 36 at 34. Given these facts and the limited nature and extent of the comments in question, we agree with the administrative judge that the appellant did not meet

her burden of proving sex discrimination even assuming that the first-level supervisor made the alleged remark about her complaints.

The appellant did not prove retaliation for EEO activity.

¶16   The administrative judge found that the appellant's husband filed an EEO complaint with the agency's Civil Rights Center on her behalf. ID at 48; *see* IAF, Tab 23 at 4. The complaint alleged that the agency failed to reasonably accommodate the appellant's disability. IAF, Tab 23 at 4-7. The administrative judge held that, under *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), the appellant did not prove that her participation in the EEO process and investigation was a motivating factor in her removal. ID at 48-49. She found that, among other things, the appellant primarily alleged retaliation for seeking a reasonable accommodation, the deciding official was unaware of the "EEO activity" and disavowed, in a sworn statement, basing her decision on such activity, and the proposing official, though aware of the "EEO claims," had no reason to retaliate against her based on those claims. ID at 48-49.

¶17   The motivating factor standard applies to claims of reprisal for engaging in activity protected under Title VII. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶30-31. Specifically, under Title VII, an appellant must first show that the prohibited consideration was a motivating factor in the personnel action. *Id.* However, the Board has recognized that a more stringent standard applies in the context of retaliation claims arising under the ADA such that the appellant must prove that her prior EEO activity was a but-for cause of the retaliation. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 31; *Pridgen v. Office of Personnel Management*, 2022 MSPB 31, ¶¶ 44-47. Both requesting a reasonable accommodation and complaining of disability discrimination are activities protected by the Rehabilitation Act. *Pridgen*, 2022 MSPB 31, ¶ 44. As discussed below, we affirm the administrative judge's factual

findings and reach the same conclusion, while modifying the initial decision to apply the correct standard.

¶18    The appellant asserts that, contrary to the administrative judge's finding, email evidence shows that the deciding official was aware of her EEO activity. PFR File, Tab 1 at 7. She contends that the timing of the agency's actions against her in relation to that activity provides sufficient evidence of retaliation. *Id.* The February 2017 email in question, however, does not show that the deciding official knew of the appellant's EEO complaint; rather, at most, it shows that the deciding official may have been aware of the appellant's reasonable accommodation request. IAF, Tab 40 at 11; *but see* IAF, Tab 36 at 23 (sworn statement of the deciding official that she only became aware of the appellant's reasonable accommodation request in the summer of 2017, after the email in question). Nevertheless, because we agree with the administrative judge that the appellant otherwise failed to meet the lesser burden of proving that her protected activity was a motivating factor in her removal, ID at 47-49, she necessarily failed to meet the more stringent but-for standard that applies to her retaliation claim, *see Pridgen*, 2022 MSPB 31, ¶ 48.

The appellant's allegations of violations of law do not warrant reversal of the removal action.

¶19    The appellant asserts on review that the agency violated the Telework Enhancement Act when it imposed more requirements on telework employees than employees who worked in the office. PFR File, Tab 1 at 13. In particular, she challenges the agency's requirement that she produce daily work reports while teleworking and contends that the administrative judge incorrectly found that her supervisor did not require her to provide such reports. *Id.* at 13-14. The appellant also claims that the agency interfered with her FMLA rights when her first-level supervisor required her to conduct work and attend meetings while on FMLA leave. PFR File, Tab 1 at 15-17; *see* IAF, Tab 20 at 26-28.

¶20     The administrative judge found no violation of the Telework Enhancement Act. ID at 31-32. The administrative judge also found that, even assuming that the appellant's supervisor interfered with her FMLA rights by sending her emails that required her to take certain actions while on FMLA leave, those assignments were distinct from any instructions or other matters at issue in the removal action; thus, the administrative judge found that the appellant did not show that the removal was predicated on, or motivated by, an interference with her FMLA rights. ID at 57-59. We agree with the administrative judge's findings.

¶21     The appellant has not shown how any alleged violation of the above laws warrants reversal of the removal action. If an agency bases an adverse action on its interference with an employee's rights under the FMLA, the adverse action is a violation of law and cannot be sustained. *Gross v. Department of Justice*, 77 M.S.P.R. 83, 90 (1997); *see Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73 (1997) (finding that when the facts implicate the FMLA relative to a leave-related charge, the Board will consider and apply the FMLA without shifting the burden of proof to the appellant). Here, however, the agency did not charge the appellant with a leave-related offense, nor was its action otherwise based on an interference with her FMLA rights. Similarly, because the action was not based on any failure by the appellant to produce daily work reports while teleworking, it does not implicate the Telework Enhancement Act.

¶22     An appealable action must be reversed as "not in accordance with law" under 5 U.S.C. § 7701(c)(2)(C) if the action is unlawful in its entirety, i.e., if there is no legal authority for the action. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991). Even assuming a violation of one of the above laws, such a violation would not establish a lack of legal authority for the removal action. Under these circumstances, the appellant's arguments do not warrant reversal of the removal action. *See Gulso v. Department of the Air Force*, 46 M.S.P.R. 478, 483 (1990); *Gaines v. Department of the Treasury*, 19 M.S.P.R. 88, 89 (1984); *cf. Miller v. Department of Homeland Security*,

111 M.S.P.R. 325, ¶ 14 (2009) (holding that the Board does not have jurisdiction over all matters that are alleged to be unfair or incorrect), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010).

The agency proved the reasonableness of the penalty.

¶23    The appellant asserts that the agency did not provide her with notice of its concerns regarding her timecard reporting until it proposed her removal, and that providing such earlier notice would have afforded her the opportunity to "implement[] corrective action and methods to compensate for her disability and the fact that her medication, which was impacting her short-term memory, was allegedly resulting in incorrect time and attendance reporting." PFR File, Tab 1 at 17-18. The administrative judge addressed this issue, finding that the appellant knew that she was required to certify on her timecards that her time worked and leave taken were true and correct to the best of her knowledge. ID at 62. The administrative judge also considered the appellant's medical conditions and mental disabilities as mitigating factors, particularly in light of her assertions that they played a role in her misconduct. ID at 62-63. Nevertheless, the administrative judge found these factors outweighed by the aggravating factors, including the fact that the appellant repeatedly misreported her time and attendance, sometimes by periods of 1 hour or more, over a long period of time. ID at 63-64.

¶24    One of the relevant factors in determining the reasonableness of a penalty is the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The administrative judge correctly noted that the timecard certification provided clarity to the appellant that the agency expected her reported hours and leave to be true and correct. Moreover, the Board has held that an agency's failure to warn an appellant that he is being investigated for possible attendance

irregularities does not provide a basis for mitigation. *Flanagan v. Department of the Army*, 44 M.S.P.R. 378, 381 (1990). Thus, the Board has held that there is no requirement that an agency provide an employee with a specific warning before it proposes an adverse action, particularly when the action is based on a charge involving time and attendance records, which the employee knows or should know constitutes serious misconduct. *Id.* at 381-82.

¶25 The appellant further contends that the administrative judge improperly relied on prior discipline for misconduct similar to that underlying the charge of Inappropriate Behavior in finding that she was on notice that such conduct was unacceptable. PFR File, Tab 1 at 18. In this regard, the appellant contends that her undiagnosed mental disability was likely the cause of the behavior underlying that prior discipline. *Id.* at 18-19. Prior discipline, however, may constitute notice that an appellant has been warned about the type of conduct that an agency deems to be unacceptable and serious. *Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 10 (2010); *Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 25 (2007). To the extent that the appellant contests the merits of the prior disciplinary actions, such a challenge is beyond the Board's limited scope of review. *See Colon v. Department of Veterans Affairs*, 73 M.S.P.R. 659, 666 (1997), *superseded by rule on other grounds as recognized by Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶¶ 5-10 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (limiting the Board's review of a prior disciplinary action to determining whether that action was clearly erroneous, if the employee was informed of the action in writing, the action was a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline). The appellant has otherwise shown no error in the administrative judge's determination that the penalty of removal was reasonable. *See* ID at 61-64.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.